UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RALPH DAVID HATHAWAY, | ) |
| :--- | :--- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16cv1761 SNLJ |
| | ) |
| LINCOLN CO. POLICE, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiff, acting *pro se*, claims his constitutional rights were violated by Lincoln County, Missouri police in connection with the execution of search and arrest warrants and the investigation of a burglary reported by plaintiff, among other things. Plaintiff filed this lawsuit in state court against the defendants Lincoln County Police, Sgt. Chris Bosley, and Sean Flynn. Defendants removed the case to this Court citing federal question jurisdiction, 28 U.S.C. § 1331, among other bases.

Currently before the Court are six pending motions filed by plaintiff. Each will be discussed in turn.

**I.   Motion for Objection (#12)**

The Court construes plaintiff's "Motion for Objection" as a motion to remand the matter back to state court in Union County, Missouri. Plaintiff suggests that the matter should have remained in state court because plaintiff filed the case there and the events alleged in the complaint took place there. However, it is undisputed that plaintiff is

asserting claims against defendant that arise under the United States Constitution. Federal law prescribes that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff specifically states that he is asserting claims against defendants for violations of the "rights and protections secured by the State and United States laws and Constitutions." (#3 at 1.) Plaintiff alleges facts that go to violations of plaintiff's rights under the United States Constitution. Removal to this Court was therefore proper, and plaintiff's motion will be denied.

II.     **Motion to Compel (#13)**

Plaintiff filed a document titled "Motion for Compelling Discovery" on December 9, 2016. However, it does not appear that plaintiff had served discovery requests upon the defendants before filing his motion. Federal Rules of Civil Procedure 33 and 34 set out how plaintiff may request discovery from the defendants. Plaintiff should not seek a Court order compelling discovery until he can certify that he has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The motion will be denied.

III.    **Motion to Strike (#16)**

Plaintiff seeks an order from the Court striking the documents filed by defendant's law firm because, plaintiff says, he has not received a notice of appearance filed by counsel. Plaintiff filed his motion on December 22, 2016, citing Rule 9 of the United States Supreme Court Rules had not been followed. That Rule, of course, applies to

proceedings before the Supreme Court, however, not this Court. Regardless, entries of appearance were filed by defense counsel on November 18, 2016, and plaintiff has obtained those appearances (*see* #18). Plaintiff's motion is denied.

**IV.     Ex Parte Motion (#18)**

Plaintiff requests information regarding how he can go about submitting an "ex parte motion" such that only the Court can see the motion. He says the motion "is very important in producing material and possible verbal evidence to substantive damage to plaintiff" and that "motion is for obtaining evidence which is crucial and available if still in possession of an individual or in a specific location." It is entirely unclear why plaintiff is not able to make what appears to be a simple discovery request to defense counsel. Plaintiff should seek discovery from the defendants through their attorneys. Plaintiff's motion is denied.

**V.     Motion for Records (#19) and Notice (#20)**

Plaintiff requests "all records, files, and motions be docketed from the County and District Court and an updated docket be sent to plaintiff." The Clerk may send plaintiff an updated docket sheet. Plaintiff also requests that all "records, files, and motions be docketed from the County." However, the Court has already docketed in this case the necessary documents from the state court file pursuant to 28 U.S.C. § 1446(a). Plaintiff also seeks "local court rules for Missouri, and print out of all case law referenced" due to his lack of legal resources. Plaintiff is responsible for prosecution of his case, and if he has a problem accessing legal materials, then he should file a motion with the Court seeking a continuance of any relevant deadlines. Further, to the extent this motion or

3

plaintiff's "Notice" (#21) seeks appointment of counsel, the appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. *Stevens v. Redwing*, 146 F.3d. 538, 546 (8th Cir. 1998); *Edgington v. Mo. Dept. of Corrections*, 52 F.3d. 777, 780 (8th Cir. 1995); *Rayes v. Johnson*, 969 F.2d. 700, 702 (8th Cir. 1992). Once the plaintiff alleges a prima facie claim, thereby surviving a frivolity review pursuant to 28 U.S.C. § 1915(d), the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *Edgington*, 52 F.3d. at 780; *Natchigall v. Class*, 48 F.3d. 1076, 1081-2 (8th Cir. 1995); *In re Lane*, 801 F.2d. 1040, 1043 (8th Cir. 1986).

The standard for appointment of counsel in a civil case involves the weighing of several factors which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim. *See McCall v. Benson*, 114 F.3d 754 (8th Cir. 1997); *Stevens*, 146 F.3d. at 546; *Edgington*, 52 F.3d. at 780; *Natchigall*, 48 F.3d. at 1080-1; *Johnson v. Williams*, 788 F.2d. 1319, 1322–323 (8th Cir. 1986). Here, the Court finds that appointment of counsel is not mandated at this time. The plaintiff appears to be able to litigate this matter, as this action still appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claim. If plaintiff is being prevented from accessing legal resources or his files, the Court will be lenient with requests for extensions of time from plaintiff until such time as plaintiff can access what he needs.

4

The Court will continue to monitor the progress of this case, and if it appears to this Court that the need arises for counsel to be appointed, the Court will reconsider.

**VI.     Motion for [Amendment of] Case Management Order (#20)**

Plaintiff requests an extension of time to obtain requested discovery and documents before submitting full joinder of additional parties, amendments of pleadings, and final list of all persons having knowledge. Then he lists, apparently, individuals having knowledge of which he is aware at the time he filed the motion. The Case Management Order entered in this case on November 22, 2016 provides the following deadlines:

| | |
|---|---|
| January 9, 2017 | Joinder of additional parties or amendment of pleadings |
| January 9, 2017 | Initial disclosures |
| June 5, 2017 | Close of discovery |

Plaintiff filed his motion seeking an extension on January 17, 2017. Plaintiff states that he needs an extension because he is awaiting discovery from defendants.

Defendants did not respond to plaintiff's motion. Plaintiff is reminded that he should serve his discovery-related documents on defendants' counsel, as this Court does not accept the filing of discovery documents. To the extent plaintiff needs to join parties or amend his pleadings later, plaintiff may file a motion to do so under Federal Rule of Civil Procedure 15(a). Further, the parties' discovery obligations are ongoing such that, should they discover new information responsive to discovery requests, the parties must update their discovery responses with such new information.

The motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand (#12) is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (#13) is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike (#16) is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's ex parte motion (#18) is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's motion for records (#19) and "notice" (#20), to the extent it is a motion for appointment of counsel, are DENIED.

**IT IS FINALLY ORDERED** that plaintiff's motion for amendment of case management order (#20) is DENIED.

Dated this __13th__ day of April, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE