UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RALPH DAVID HATHAWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16cv1761 SNLJ |
| | ) |
| LINCOLN CO. POLICE, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM and ORDER

Plaintiff, acting *pro se*, claims his constitutional rights were violated by defendant police officers. As of August 2017, plaintiff was no longer being held at the same facility, yet he had not updated his address with the Court. Plaintiff had not responded to defendants' discovery requests, and their attorneys' efforts to contact plaintiff had failed. Moreover, this Court's May 30, 2017 mailing to plaintiff had been returned to the Court as undeliverable. (#25.)

Plaintiff was required to "promptly notify the Clerk and all other parties to the proceedings of any change in his or her address and telephone number," E.D. Mo. L.R. 45-2.06. This Court dismissed plaintiff's lawsuit in accordance with that Local Rule 45-2.06, which states

> If any mail to a pro se plaintiff or petitioner is returned to the Court without a forwarding address and the pro se plaintiff or petitioner does not notify the Court of the change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice.

*Id.* The order was filed on August 29, 2017.

Plaintiff filed a motion for reconsideration of the Order dismissing his lawsuit (#30). He alleges that he "sent out two letters to this court to the [Court's mailing address]" and that the "court from the same address sent out the order to Plaintiff's exact address listed on the letter to the clerk of the Southeastern Division and it was received on September 15, 2017." (#30 at 1.) He says he "has made the attempt to notify the court of his change of address in an efficient and timely manner, with the restrictions and interference caused by lack of counsel and transferring of locations within the federal system." (*Id.*) He obliquely refers to updates to plaintiff's address that were sent from Sangamon County Detention Facility in Springfield, Illinois on April 28 and from a federal prison in Greenville, Illinois on July 5. (*Id.* at 2.) However, the last document the Court received from plaintiff was a "Notice" received on February 24. That document was sent from the Sangamon facility. The Court sent a docket text order regarding the case management order on May 30, and that order was returned as undeliverable. (#25.) At the time, the clerk looked for a new address for plaintiff in the offender database and noted in the docket sheet that a new address could not be verified. (*Id.*) After the Court dismissed the action due to plaintiff's failure to update his address in accordance with the Local Rule, that order was returned as undeliverable as well (#29). However, this time, the Clerk was able to locate a new address for plaintiff in the offender database, and the order was re-sent (#29) on or around September 11.

The Court construes plaintiff's motion as a motion for relief from an order under Federal Rule of Civil Procedure 60(b). That Rule states

> On motion and just terms, the court may relieve a party…from a final judgment, order, or proceeding for the following reasons: (1) mistake,

> inadvertence, surprise, or excusable neglect; …[or] (3) fraud...,
> misrepresentation, or misconduct by an opposing party.

Fed. R. Civ. P. 60(b). Plaintiff states that he <u>did</u> advise the Court of his new address. Although he does not offer any supporting details or evidence, the Court will grant plaintiff relief under Rule 60(b)(1) and vacates its order dismissing plaintiff's case.

Before the Court dismissed plaintiff's case, however, defendants advised the Court that plaintiff had failed to respond to defendant's written discovery. It may be that defendants did not have the proper address for plaintiff. Defendants are hereby ordered to resend their discovery requests to plaintiff at FCI Greenville. Plaintiff shall respond to those requests as provided below, and new deadlines for discovery and summary judgment are also provided below.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reconsider is GRANTED and this Court's order dismissing plaintiff's case (#27) is VACATED.

**IT IS FURTHER ORDERED** that defendants shall resend their discovery requests to plaintiff no later than June 1, 2018. Plaintiff shall respond no later than July 1, 2018.

**IT IS FINALLY ORDERED** that all discovery in this case must be completed no later than September 14, 2018. Any motion for summary judgment must be filed no later than October 12, 2018. Oppositions briefs must be filed no later than November 9, 2018, and any reply brief may be filed no later than November 19, 2018.

Dated this  16th  day of May, 2018.

                        STEPHEN N. LIMBAUGH, JR.
                        UNITED STATES DISTRICT JUDGE