UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RALPH DAVID HATHAWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16cv1761 SNLJ |
| | ) |
| LINCOLN CO. POLICE, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM and ORDER

Plaintiff, acting *pro se*, claims his constitutional rights were violated by defendant police officers. This Court dismissed plaintiff's complaint on August 29, 2017 because plaintiff had not updated his address with the Court as required. Plaintiff moved to reopen the case on the basis that he attempted to notify the Court of his changed address. The Court granted the motion and reopened plaintiff's case, ordered the defendants to resend their discovery requests to plaintiff at his new prison, and ordered plaintiff to respond to the discovery requests by July 1, 2018. (#31).

Since then, plaintiff has filed a motion to appoint counsel, a motion to amend his complaint, and a motion "for documents." (#32, #36, #33.) The "motion for documents" states that he needs a copy of the complaint and an updated docket sheet. He suggests that he intends to flesh out his claims by amending his complaint and he requests that discovery be stayed.

Defendants have moved for sanctions against plaintiff for failing to comply with a Court order. (#34.) They state that they re-sent their discovery requests to plaintiff, but he did not respond by July 1, 2018. Notably, plaintiff did not respond to the defendants' motion. Nor does he suggest that he did not receive the defendants' discovery requests.

The Court is inclined to grant defendants' motion. However, because it appears plaintiff filed his motion seeking a stay of discovery and requesting a copy of his complaint and the docket sheet before the July 1 due date, the Court will afford plaintiff one more chance to prosecute his case. Although plaintiff states that he is unskilled and untrained in law, he appears able to adequately represent himself in this straightforward case. His request for counsel will be denied for the same reasons it was denied previously. (#22.)

Plaintiff's motion to amend his complaint will be denied at this time. Federal Rule of Civil Procedure 15(a) states that plaintiff must seek leave to amend his complaint after a responsive pleading has been filed; although the Court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), plaintiff has offered no reason why justice requires that he be permitted to amend his complaint now, after two years have passed. Plaintiff is reminded he may file a complaint bringing any new, timely claims in a separate lawsuit.

The Clerk will send plaintiff a copy of his complaint and a copy of the docket sheet.

Plaintiff must respond substantively to defendants' discovery requests no later than December 14, 2018. Other deadlines are addressed below. **Should plaintiff fail to comply with this order, the Court will dismiss plaintiff's case**.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to appoint counsel (#32) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for documents and to stay discovery (#33) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that the Clerk shall send plaintiff a copy of his complaint and of the current docket sheet.

**IT IS FURTHER ORDERED** that defendants' motion for sanctions (#34) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiffs' motion to amend complaint (#36) is **DENIED**.

**IT IS FINALLY ORDERED** that plaintiff must answer defendants' discovery requests by December 14, 2018. All discovery in this case must be completed no later than January 31, 2019. Any motion for summary judgment must be filed no later than February 28, 2019. Oppositions briefs must be filed no later than March 15, 2019, and any reply brief may be filed no later than April 1, 2019.

Dated this __9th__ day of November, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE